```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

NATHAN D. NEIGHBORS,              §
(TDCJ No. 1435598)                §
VS.                               §   CIVIL ACTION NO.4:08-CV-677-Y
                                  §
                                  §
STATE OF TEXAS, et al.            §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B) (With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Nathan D. Neighbors's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B).[1] Neighbors, an inmate at the Texas Department of Criminal Justice's Stiles unit, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants the State of Texas; Sharen Wilson, judge, Criminal District Court Number 1, Tarrant County, Texas; Tim Curry, district attorney, Tarrant County, Texas; and the City of Arlington police department. (Compl. Style; § IV(B).) Neighbors makes the following complaints about the criminal proceedings before the state trial court: his rights were violated in that officials knew he was innocent; there

---

[1] After Neighbors filed this suit, the Court advised him through a deficiency order to either seek to proceed in forma pauperis ("IFP") or to pay the full filing fee. He sought to proceed IFP, and the Court imposed a fee assessment order in conformity with the Prison Litigation Reform Act ("PLRA"). Several weeks later, Neighbors submitted payment of the full filing fee. Notwithstanding the payment of the fee, because he sought to proceed IFP, Neighbors is still subject to the dismissal provisions of 28 U.S.C. § 1915(e)(2)(B). As Neighbors paid the fee, however, the November 25, 2008 Order Re: Initial Partial Filing Fee and Collection and Payment of Full Filing Fee is satisfied, and the Texas Department of Criminal Justice is directed to release any hold on Neighbor's inmate account resulting form this particular case. The Clerk of Court shall mail a copy of this Order to the inmate accounting office or other person(s) or entity with responsibility for assessing, collecting, and remitting to the court the interim filing fee payments on behalf of inmates, as designated by the facility in which plaintiff is confined.

was no testimony that he was the person who committed the robbery and there was no other evidence; the witness did not identify him at trial and the DNA evidence was not shown to be the evidence recovered from the scene of the robbery; there was no fingerprint evidence; and the DNA evidence was not proved by adequate tests results and lab work from the medical examiner. (Compl. §§ IV-V.) In sum, Neighbors alleges that the State knew he was innocent and "they took my life from me." (Compl. § V.) Neighbors seeks 300 million dollars for the time he has been incarcerated on the allegedly wrongful conviction. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing

---

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

2

that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Neighbors's claims must be dismissed.

Neighbors names as a defendant the State of Texas. In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or an instrumentality of the state for claims for monetary damages.[7] Thus, Neighbors's claims against the State of Texas are barred by the Eleventh Amendment, and must be dismissed under 28 U.S.C. § 1915A(b)(2) and under 28 U.S.C. § 1915(e)(2)(B)(iii).

With regard to any claims against Judge Sharen Wilson, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[8] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[9]

---

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[7] *See Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998)(citing *Harris v. Angelina County, Texas*, 31 F.3d 331, 337-38 n.7 (5th Cir. 1994).

[8] *Mireless v. Waco*, 502 U.S. 9, 11 (1991), *citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[9] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

Because the complained-of conduct by Judge Wilson was judicial in nature and was undertaken pursuant to the jurisdiction provided to the Criminal District Court Number One of Tarrant County, Texas, Judge Wilson is entitled to absolute immunity from any monetary damages claims, and such will be dismissed under 28 U.S.C. § 1915A(b)(2) and under 28 U.S.C.§ 1915(e)(2)(B)(iii).

Likewise, Tim Curry is entitled to absolute immunity for any monetary damages claims. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[10] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[11] Here, even assuming Plaintiff's allegations against Tim Curry are true, Curry would have taken such action in his role as a prosecutor on behalf of the State of Texas. Thus, defendant Curry is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims will also be dismissed under 28 U.S.C. § 1915A(b)(2) and under 28 U.S.C.§ 1915(e)(2)(B)(iii).

With regard to the remainder of Plaintiff's claims, and alternatively as to the defendants already subject to dismissal for other reasons, the Court concludes that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff is seeking monetary

---

[10] *Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

[11] *Imbler*, 424 U.S. at 431 n.33.

4

damages from this Court against local and state officials over actions related to the validity of his conviction in state court. In *Heck v. Humphrey,* 512 U.S. 477, 486 (1994), the Supreme Court held that a § 1983 claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[12] As in *Heck*, Plaintiff's challenges, if successful, necessarily would imply the invalidity of his incarceration and conviction, and are thus not cognizable under § 1983 unless Plaintiff has satisfied the conditions set by *Heck*. Plaintiff has failed to establish that he has met one of the prerequisites to a § 1983 action set forth by the Supreme Court. Plaintiff remains in custody and has not shown that his conviction has been invalidated by a state or federal court. As a result, Plaintiff's claims are not cognizable under § 1983, and must be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).[13]

Therefore, all of Plaintiff's claims for monetary damages against the State of Texas, Sharen Wilson, and Tim Curry are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(2)

---

[12] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[13] *See Heck*, 512 U.S. at 487-88.

5

and 28 U.S.C. § 1915(e)(2)(B)(iii). Furthermore, and alternatively, all of Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[14]

SIGNED April 7, 2009.

                                                /s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[14]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).

6